FILED

2011 May-25  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| R.E.M. PIPELINE SERVICES, INC., and R.E.M. DIRECTIONAL, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LATEX CONSTRUCTION COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | 7:10-cv-02603 |

## MEMORANDUM OF OPINION

### I.    Introduction.

Defendant Latex Construction Company ("Latex") filed the pending motion to dismiss the claims of Plaintiff R.E.M. Pipeline Services, Inc., ("Pipeline") under Federal Rule of Civil Procedure ("FRCP") 12(b)(3). (Doc. 19.)  In its complaint, Pipeline claims that Latex breached their contract.  Latex's motion seeks to enforce their contractual forum selection clause, which places the proper venue in Harris County, Texas, thus making the Northern District of Alabama an improper venue for Latex's claims. Pipeline responds, primarily by arguing that Latex waited too long to object to venue and also by arguing that enforcing the clause

is unfair and unreasonable. The issues raised in Defendant's motion are now ripe for decision. After considering the presented evidence and legal arguments, the motion is due to be GRANTED.

II.   Facts and Procedural History.[1]

In 2007, Kinder Morgan Louisiana Pipeline, LLC, ("KMLP") entered into a prime contract with Latex, under which Latex promised to build a natural gas pipeline stretching 135 miles across western Louisiana. KMLP's principal place of business is Houston, a city in Harris County, Texas. Latex's principal place of business is in Georgia.

In early 2008, Latex entered into a subcontract with Pipeline, which has its principal place of business in Alabama. Pipeline agreed to lay a 42-inch pipe over about sixteen miles. Pipeline also agreed—as had Latex and KMLP—to adjudicate disputes arising from the contract in Houston, Harris County, Texas.

Also in 2008, Latex entered into numerous rental agreements with the other Plaintiff, R.E.M. Directional, Inc., ("Directional"), for renting construction equipment and tools such as dozers, excavators, and forklifts for the Louisiana project. The rental agreements specified that Latex was

---

[1]Unless otherwise indicated, the facts are taken from the parties' pleadings, attachments thereto, and submissions associated with the pending motion.

to maintain the equipment and tools, returning them in good condition subject to reasonable wear and tear.

The project did not go well. Pipeline claims that Latex failed to pay it as the subcontract provided. Directional alleges that Latex returned the rented equipment to Directional in poor condition. Further, in 2009, KMLP sued Latex in Harris County, Texas ("Texas litigation") alleging that Latex's work on the project was delayed and poor.

On August 6, 2010, Pipeline and Directional sued Latex in Alabama state court.  Pipeline seeks more than $3.9 million for breach of the subcontract; Directional seeks more than $11 million for breach of the rental agreements. Latex removed the case to this Court in September 2010, and answered Plaintiffs' complaint in October 2010. In the answer, Latex  pleaded improper venue as a defense to Pipeline's claims. The parties met for their planning meeting at which time they discussed resolving the plaintiffs' claims via mediation.  After the meeting, Latex reiterated its improper venue defense in the November 2010 report of the planning meeting.

The parties then commenced paper discovery. In December, Latex responded to Plaintiffs' earlier discovery requests. In January 2011, Latex served requests for production on Pipeline. The parties attended an

unsuccessful mediation on February 8, 2011. Pipeline responded to Latex's requests on February 28, 2011. In March, counsel for Pipeline and Directional identified issues with Latex's production. The parties met, and on April, 4, 2011, Latex supplemented its prior production.

On April 5, 2011, Latex moved to add Pipeline to the Texas litigation, alleging that Pipeline performed some of the allegedly poor work for which KMLP sought recompense. Two days later, Latex filed the pending motion in this Court. After briefing, the Texas court granted Latex's motion and allowed it to assert third-party claims against Pipeline. (Doc. 29.)

III.   Analysis.

In its motion, Latex contends that the valid forum selection clause covers Pipeline's claims and mandates jurisdiction in Harris County, Texas. Latex also suggests, alternatively, that Pipeline fails to state a claim and has breached the contract.[2] Pipeline does not dispute that the forum selection clause applies to its claims and mandates venue in Houston, Harris County, Texas. (Doc. 22 at 9.) Pipeline instead argues

---

[2]Latex does not develop this argument beyond a few lines and does not mention this argument in its reply (Doc. 25). It cites no contractual or legal authority for these arguments.  Pipeline points out that a motion to dismiss for failure to state a claim is untimely. In any event, the forum selection clause is enforceable, rendering this argument moot.

that Latex has waived its objection to venue and that enforcing the clause would be unfair and unreasonable.

A.   Waiver.

Venue "is merely a privilege of the parties, and defects of venue may be waived by the parties." *Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985). Pipeline first contends that Latex has waived its right to assert improper venue under the FRCP by making an untimely motion.

Latex's motion is untimely under FRCP 12(b), yet that does not mean Latex has waived its right to assert improper venue. FRCP 12(b) allows a party to file a motion addressing specific deficiencies before answering: "A motion asserting any of these defenses must be made before [answering]."  Latex has answered. But Latex has not waived its grounds for seeking dismissal: Rule 12(h) specifies that a party waives the defense of improper venue by failing to include it in a Rule 12(b) motion or in its answer. Latex included improper venue as a defense in its answer. (Doc. 6 at 19.) Accordingly, improper venue was not waived by the pleadings. This Court will thus treat Latex's motion as a Rule 12(c) motion for judgment on the pleadings.

Pipeline next asserts Latex's conduct as a basis for waiver. "[T]he right to object to improper venue may be waived in any of several ways:

by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection." *Manley*, 755 F.2d at 1468. Conduct misleading the plaintiff or the court into believing that the defendant is content with venue can create waiver. *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004). This conduct includes allowing the court to become involved in the case, stalling to "find out which way the wind is blowing," and wasting judicial effort. *American Patriot Ins. Agency, Inc.*, 364 F.3d at 888.

Latex has not waived its right to challenge venue. It has not mislead Pipeline. Rather, it has reiterated its challenge to venue twice, first in the answer and second in its report of the party planning meeting. Latex also has not suffered any adverse rulings indicating a desire to litigate in this Court until the winds changed. In fact, the pending motion has been the only substantive ruling sought from the court by Latex.[3] The other actions taken by the Court would have occurred even if Pipeline had not

---

[3]Latex has also sought leave for counsel to appear *pro hac vice* and a joint protective order.

been a party, suggesting that Latex has not created wasted judicial effort.

Though Latex waited months to assert improper venue, any delay suggests a desire for judicial economy. At the parties' planning meeting, they discussed mediation. They scheduled that mediation on February 8, 2011. It failed. "[C]onsiderations of economy argue against the filing of any motions while parties are trying to reach a settlement, since if they do settle the case any motions filed in it will be moot." *American Patriot Ins. Agency, Inc.*, 364 F.3d at 888. In the sixty days after the failed mediation, Latex prepared about one hundred pages of filings seeking to add Pipeline to the already-pending Texas litigation and moved to dismiss Pipeline's claims from this case. These actions do not suggest that Latex has mislead Pipeline or the Court.

Pipeline nonetheless contends that "Latex has engaged in substantive and extensive discovery [for months]." (Doc. 22 at 11.) But the pertinent issue is whether any extensive discovery of Pipeline's claims misled Pipeline into thinking that Latex wanted to litigate against it in this Court. The evidence answers no. First, not all discovery relates to

Pipeline's claims; it also relates to Directional's claims: "Latex's first production was voluminous and the production included documents responsive to [Pipeline's] requests, [and] Plaintiffs had served approximately 25,000 pages of documents on Latex." (Doc. 22 at 7-8.) Second, much discovery remains on Pipeline's claims: the parties have not taken any depositions; Latex has not served document requests since the mediation and interrogatories on Pipeline. And third, Pipeline fails to show that Latex's discovery has wasted any resources—as the paper discovery "is easily transferable to the Texas litigation." (Doc. 25 at 2.)

Latex's actions do not suggest an attempt to mislead Pipeline into believing that Latex wanted to litigate in this Court. Latex asserted improper venue multiple times, sought no substantive rulings from the Court, and scrambled to add Pipeline to the Texas litigation in the contractual venue—after the failed mediation. Latex has thus not waived its right to assert improper venue, via the forum-selection clause.

B.    Showing of Unfairness or Unreasonableness.

"Mandatory forum-selection clauses are presumptively valid and enforceable absent a strong showing that enforcement would be unfair or

unreasonable under the circumstances." *Slater v. Energy Services Group Intern., Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (internal quotation marks omitted).[4]   Obligated to show that Harris County, Texas, is an unfair venue, Pipeline instead argues that this Court is a more convenient venue. Pipeline contends that Latex has to litigate against Directional in this Court anyway, that both Directional and Pipeline's claims arise from the project site, and that trial in this case will occur before a trial in the pending Texas litigation.

Pipeline fails to make a strong showing of unfairness—or even of inconvenience or inefficiency.  Rather, Pipeline agreed to Harris County, Texas, as did Latex.  Neither entity claims Harris County, Texas, as its principal place of business, placing each in the same position. Harris County is closer to the project site, where the claims arise and where Pipeline worked for months. Pipeline admits that "Directional's claims arise from wholly separate contracts and do not arise from the Subcontract or Pipeline Services' claims in any way. . . ." (Doc. 22 at 14.)

---

[4]Alabama law and federal law on forum selection clauses are in harmony.  *Rucker v. Oasis Legal Finance, LLC*, 632 F.3d 1231, 1236 (11th Cir. 2011).

The ongoing Texas litigation, however, does involve the subcontract. Honoring the parties' choice of Harris County, Texas, mitigates the risk of courts interpreting the prime contract and the subcontract differently.

Even if Harris County is inconvenient, Pipeline could have foreseen that at contracting.  Pipeline thus—as an individual plaintiff would—"must show that litigating in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be *deprived of his day in court.*" *Rucker v. Oasis Legal Finance*, *LLC*, 632 F.3d 1231, 1237 (11th Cir. 2011).  Pipeline fails to do this. Pipeline must therefore litigate its claims in Harris County.

IV.    Conclusion.

For the above-stated reasons, Latex's motion to enforce the forum selection clause (Doc. 19) is GRANTED under FRCP 12(c). Pipeline's claims are thus dismissed without prejudice. An accompanying order will also be entered.

Done this 25th day of May 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890